■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALSH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered March 16, 1984, convicting him of arson in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant was charged, pursuant to indictment No. 488/83, with arson in the third degree, insurance fraud in the first degree, insurance fraud in the second degree and grand larceny in the second degree. Subsequently, indictment No. 2578/83 charged him with bribing a witness. Following plea bargaining negotiations, the defendant, on February 6, 1984, entered a plea of guilty to arson in the third degree, a class C felony *(see,* Penal Law § 150.10) in full satisfaction of both indictments, upon the promise of a sentence of 3 to 9 years and a recommendation by the District Attorney's office for his early release. The agreed-upon sentence was imposed by the court.

On this appeal, the defendant contends that he was denied the effective assistance of counsel during the plea negotiations and sentencing as his attorney failed to investigate and utilize substantial character reference sources available in the defendant's community and to file a presentence memorandum pursuant to CPL 390.40.

It cannot be concluded, on the basis of the record, that the defendant was not provided with "meaningful representation" in the plea bargain negotiations and at sentence *(see, People v Baldi,* 54 NY2d 137, 147). The fact that counsel did not solicit character references on behalf of the defendant or submit a presentence memorandum does not, in itself, indicate that counsel was ineffective. Moreover, counsel was able to negotiate a plea to one count of a four-count indictment and the dismissal of an accompanying indictment. The agreed-upon sentence of 3 to 9 years reduced the defendant's range of exposure to imprisonment and was accompanied by a promise

by the District Attorney's office to recommend the defendant's early release upon his becoming eligible therefor.

In conclusion, we note that the sentence imposed was not excessive. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.