■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE T. REITER, Appellant.—Harvey, J. Appeal, by permission, from an order of the County Court of Albany County

(Turner, Jr., J.), entered January 13, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of grand larceny in the third degree, after a hearing.

In October 1979, defendant was indicted by an Albany County Grand Jury for the crimes of grand larceny in the third degree and scheme to defraud in the first degree. The indictment resulted from defendant's alleged activity of soliciting mail orders from coin collectors with no intention of completing the transactions and making false insurance claims to the United States Postal Service for lost insured mail. In December 1979, defendant pleaded guilty to grand larceny in the third degree in full satisfaction of the charges against him, and he received a negotiated sentence of 60 days in jail and a term of probation of four years and 10 months. Defendant did not appeal from that conviction and has served his sentence.

In May 1985, defendant filed the instant motion pursuant to CPL 440.10 seeking to vacate his 1979 conviction for the crime of grand larceny in the third degree. As a ground for the motion, defendant argued that he had been denied effective assistance of counsel. Defendant asserts that his assigned counsel failed to obtain certain of his records which had been seized by the police which he contends would have established that the value of the property stolen was $250 or less, and thus the crime he was convicted of should not have been a felony (see, Penal Law former § 155.30 [1], as amended by L 1982, ch 234; see also, Penal Law § 155.25).

A hearing was held and defendant's attorney at the time of his 1979 conviction, Paul Collins, was called to testify by the People. Collins testified that he had discussed with defendant the issue of whether the People could establish that $250 had been stolen. Collins stated: "I recall [defendant] saying, 'Can we find out if they have sufficient information for a felony charge?' I said, 'Sure, we can; all we have to do is make the requisite motion. It's not a problem, except that in my experience, there will be a plea bargain offered before those motions ever get heard.' But I said, 'We can do that.' " Defendant was offered a sentence of 60 days in jail and probation in exchange for a plea of guilty to the charge of grand larceny in the third degree. Collins informed defendant that if he refused to plead guilty and was successful in getting the charge reduced to a misdemeanor, he could still be sentenced to one year in jail if

convicted of the misdemeanor charge.* Collins also testified that he explained the significance a felony conviction would have upon defendant in the future. Collins related that defendant's primary concern was to receive as little jail time as possible; thus, defendant accepted the plea arrangement.

Defendant also testified at the hearing. Although his testimony was contrary to Collins' regarding some of the pertinent events in 1979, County Court indicated that it found Collins' testimony more credible. Defendant's motion to vacate his conviction was denied. Defendant was granted permission to appeal.

Where a review of the law, the evidence and circumstances of a case reveal that a defendant was provided "meaningful representation", his constitutional right to effective assistance of counsel has been satisfied (People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 147). Here a review of the competent evidence in the record reflects that defendant was informed that he could attempt to get one charge of the indictment reduced to a misdemeanor. Defendant chose instead to plead guilty in order to receive a lenient jail sentence. Further, the record reveals that the People had strong evidence indicating that the amount stolen by defendant exceeded $250. Consequently, we cannot conclude that defendant was not provided with meaningful representation in foregoing his right to challenge the indictment and, instead, to accept a negotiated plea bargain (see, People v Walsh, 119 AD2d 780; People v Kolb, 118 AD2d 659).

Order affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* Defendant apparently had a previous conviction; thus, Collins correctly informed him regarding his potential sentence if convicted (see, Penal Law § 70.15 [d]).