■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LIGION, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered November 10, 1988, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him

to an indeterminate term of imprisonment of six to twelve years, unanimously affirmed.

Defendant was convicted of selling two vials of crack for ten dollars. At the time of his arrest he was carrying a "stem", a type of pipe commonly used to smoke crack. Although the prosecutor agreed not to introduce the stem into evidence, during trial two police officers briefly mentioned the recovery of the stem. In summation, the prosecutor asked the jury not to consider the evidence of the stem.

Defendant's contention that admission of the stem into evidence constituted inadmissible proof of an uncharged crime has not been preserved for appellate review (CPL 470.05 [2]). Defendant did not object to the testimony on this ground at the trial, and his motion to suppress the stem was based on the claim that he had been illegally arrested. Were we to reach the merits of defendant's claim, we would reject it. The prosecutor's reasonable remarks in summation establish that the receipt of the testimony was a harmless lapse. Defendant's related claim that counsel was ineffective for failing to object to the evidence of the stem is unsupported by the record *(People v Jenkins,* 68 NY2d 896).

We further find that the trial court did not abuse its discretion when it summarily rejected defendant's motion for a mistrial or continuance. *(People v Moore,* 42 NY2d 421, *cert denied* 434 US 987.)* The potential of prejudice to defendant based on the publicity about the murder of police officers in unrelated matters was remote. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.