■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIAM MASSEY, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, J.), rendered March 19, 1985, convicting defendant after a jury trial of grand larceny in the second degree and criminal possession of stolen property in the first degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 3½ to 7 years, unanimously affirmed.

On December 5, 1983 defendant duped an unsuspecting visitor to Manhattan into entrusting her car to him to be parked. Five days later, following a car chase in upper Manhattan, defendant was arrested and the victim's car was recovered. Defendant testified that he took the car because he had to babysit while his wife took her mother to a clinic.

Defendant's argument that his justification defense was not disproved is meritless. There is no view of the evidence that could have lead a jury to find that defendant's conduct was justifiable according to ordinary standards of intelligence and morality (Penal Law § 35.05 [2]; *People v Padgett,* 60 NY2d 142). Nor is there merit to defendant's claim that the court should have given a justification charge on its own initiative. *(People v Watts,* 57 NY2d 299.)

Since defendant failed to object at trial to the introduction of evidence which allegedly referred to uncharged crimes on that ground, the issue has not been preserved as an issue of law. (CPL 470.05; *People v Ligion,* 172 AD2d 230.) In any event, the error, if any, was harmless. The proof of defendant's guilt was overwhelming. *(People v Crimmins,* 36 NY2d 230.)* We further find that defendant's sentence was not excessive. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.