■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO RAMIREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 12, 1982, convicting him of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the evening of March 14, 1981, Ernesto Ramirez entered a bodega located at 702 Grand Street in Brooklyn and shot and killed Miguel Santiago during the course of an attempted robbery. Saul Franqui, who lived at 716 Grand Street, heard the gunfire and saw a man running from the area of the bodega jump into a double-parked car and drive away. Franqui saw the car's license plate number, went up to his apartment and wrote the number down on a piece of paper. He gave this piece of paper to the police. The piece of paper bearing the license plate number was thereafter given to Detective Habacker, who placed the number into a computer cataloguing vehicles registered in the State of New York. He subsequently received a printout listing the license plate number which he had typed into the computer and the name and address of the person to whom that car was presumably registered.

At trial, Franqui could only remember the first number and the last letter of the license plate number. In addition, Detective Habacker testified that the slip of paper upon which Franqui had recorded the plate number was missing. The prosecution thereafter sought to offer the computer printout containing the license plate number into evidence; it was admitted over defense counsel's objection. The court stated, *inter alia,* that the printout was admissible as a past recollection recorded. Defendant contends that the printout was hearsay and should not have been admitted into evidence. We agree with the defendant.

A memorandum cannot be received into evidence as a witness' past recollection recorded where the memorandum was made by the witness from facts reported to him by

another. Such evidence is pure hearsay (*Peck v Valentine*, 94 NY 569; Richardson, Evidence § 471 [Prince 10th ed]). Accordingly, the computer printout should not have been admitted into evidence as Habacker's past recollection recorded since it was prepared from facts made known to him only through Franqui's note.

However, as the proof of defendant's guilt was overwhelming, the error should be regarded as harmless. The two witnesses who unequivocally identified the defendant at trial had a good opportunity to see him during the commission of the crime, as the bodega was still open for business and all of the lights were on. Moreover, after the incident, each of these witnesses was able to give an accurate description of the defendant to the police. Furthermore, the fact that the defendant subsequently lied about his identity when the police came to his apartment only serves to indicate his consciousness of guilt.

We have considered defendant's remaining contentions and find them to be without merit (*People v Levan*, 62 NY2d 139; *People v Ballott*, 20 NY2d 600; *People v Ricco*, 56 NY2d 320). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.