*797 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s appeal, based on alleged ineffective assistance of counsel, challenges the denial of his motion pursuant to CPL 440.10 without a hearing. The People’s principal witness at defendant’s murder trial was Oliver Anderson. Anderson testified that he and his brother, Jeremiah Johnson, were in an argument with two men when one of them — identified by him as defendant — drew a pistol and shot Johnson, who staggered and collapsed as Anderson tried to hold him. During cross-examination, defendant’s counsel elicited that Anderson had spoken with the police a number of times after the shooting, but he could recall neither the name of any officer nor what he had said.
The principal defense was misidentification. Defense counsel called Police Officer Earl Robinson, who had interviewed Anderson following the shooting, and attempted through him to introduce his report, which stated that Anderson told him he had "walked around the corner on 8th Avenue for cigarettes. He heard shots, he returned and his brother staggered into his arms shot twice in the chest. No witness.” The trial court, however, sustained the People’s objection to admission of the report because counsel had failed to lay sufficient foundation when Anderson was on the stand. The court explained that the necessary foundation required asking a witness sought to be impeached whether he had made such statements, the time and place, the person to whom made, and the substance of the language used. Defense counsel then called Cindy Williams, who testified that while standing on the street she heard and saw four men talking loudly, heard a shot, then saw one of the men grab his chest and stagger. Williams testified that defendant, an acquaintance, was not one of the four men, and she did not see him anywhere in the area. On cross-examination, Williams testified that the man who was shot fell to his knees, and that another of the four men immediately went to the victim’s aid.
The court granted defense counsel’s application to recall both Anderson and Robinson, believing that defendant’s failure to lay a foundation for admission of the report had been an oversight. However, the next trial day, defense counsel stated that after consultation with defendant and his parents, the decision had been made to withdraw the application to *798 recall the witnesses, and defendant himself acknowledged this on the record. In summation, defense counsel urged that Anderson had made an honest mistake in identifying defendant as the shooter. He pointed out that in every detail but one Anderson’s testimony confirmed Williams’ — Anderson, who did not know defendant at the time of the shooting, identified defendant as the shooter, whereas Williams, who did know him, was certain defendant was not even there.
After defendant’s conviction he moved for an order pursuant to CPL 440.10 vacating the judgment on the ground that he had been denied his right to effective assistance of counsel. In support of the motion defendant submitted his own affidavit as well as those of his parents, who stated in substance that they had reluctantly agreed with counsel based primarily on his opinion that the evidence strongly favored defendant and that the impeachment evidence, if permitted, was only marginally helpful. Also annexed was the affidavit of defendant’s new counsel, relating the substance of a telephone conversation with trial counsel, in which he offered three reasons for his decision: first, that the court would not have allowed him to impeach Anderson with the report, since the report indicated only "No witness,” not that Anderson had made any such statements to Officer Robinson; second, that putting on additional witnesses would have diluted the strongly favorable testimony of the witnesses who had appeared immediately prior to summation; and finally, that the report was inconsistent with the Williams’ testimony in some manner trial counsel could not remember. The People submitted an affirmation also relating a telephone conversation with trial counsel who purportedly stated that he had decided not to pursue the matter primarily because the report conflicted with the testimony of Williams. The trial judge denied the motion without a hearing, concluding that the facts pertaining to the alleged inadequacy of defense representation were contained in the trial record, and the court adhered to its decision on reargument, noting that a hearing would be superfluous. On a consolidated appeal from the judgment of conviction and the orders denying the motions, the Appellate Division affirmed without opinion.
In reviewing claims of ineffective assistance care must be taken to "avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis.” (People v Baldi, 54 NY2d 137, 146.) Where the evidence, the law and the circumstances of a *799 particular case, viewed together and as of the time of representation, reveal that meaningful representation was provided, defendant’s constitutional right to the effective assistance of counsel has been satisfied (id., at p 147). We conclude that on this record defendant’s right to effective assistance of counsel has been satisfied.
Defendant urges that it was improper to deny his 440.10 motion without a hearing. We have at times observed, on direct appeals from convictions, that claimed ineffective assistance was not established by a review of the trial record, and that additional background facts might have been developed by way of a motion pursuant to CPL 440.10 (see, e.g., People v Love, 57 NY2d 990, 1000), but this is not to say that, where a postjudgment motion is made under CPL 440.10, a hearing to develop additional background facts is invariably necessary. CPL 440.30 contemplates that a court will in the first instance determine on written submissions whether the motion can be decided without a hearing (CPL 440.30 [1]; see also, CPL 440.30 [4] [a]). Defendant must show that the nonrecord facts sought to be established are material and would entitle him to relief.
Here, no hearing was required because, given the nature of the claimed ineffective assistance, the motion could be determined on the trial record and defendant’s submissions on the motion (see, CPL 440.30 [2]). Defendant’s motion papers made clear that the basis of the claimed ineffectiveness was trial counsel’s decision not to adduce the information contained in the police report for impeachment of Anderson, and that the purpose of any hearing would have been to probe the actual reasons in the mind of trial counsel for that decision. But counsel’s subjective reasons for his choice of this strategy in this case were immaterial. Viewed objectively, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney. The defense rested in large part upon the testimony of Williams and her credibility. Anderson supported Williams’ account of the incident, including that four men were present and that one had rushed to the aid of the victim. Defense counsel chose to argue that the incident unquestionably occurred as related by Anderson and Williams, but that Anderson had simply made an honest mistake in identifying defendant. That this was indeed the defense strategy is plain from counsel’s summation. It is not for this court to second-guess whether a course chosen by defendant’s counsel was the best *800 trial strategy, or even a good one, so long as defendant was afforded meaningful representation. In this case, we conclude that defendant’s constitutional right has been satisfied, and that no hearing was required to reach this determination.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye and Titone concur; Judges Simons and Alexander taking no part.
Order affirmed in a memorandum.