■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDITH FERRERAS, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered June 28, 1984, convicting her of criminal possession of a controlled substance in the first degree, after a nonjury trial, and imposing sentence, and (2) by permission, from an order of the same court dated March 21, 1986, denying her motion to vacate the judgment of conviction pursuant to CPL article 440.

Judgment and order affirmed.

In these consolidated appeals, the defendant argues that the judgment of conviction should be vacated because she was denied effective assistance of counsel.

Previously, on the People's appeal from the trial court's order which, *sua sponte,* set aside the verdict, this court considered and rejected the defendant's claim that her attorney had a conflict of interest which had a detrimental effect on his representation of her *(see, People v Ferreras,* 100 AD2d 940). Accordingly, that order was reversed and the matter was remitted to the trial court for sentencing. Our review of the record of the defendant's postconviction motion pursuant to CPL article 440 fails to disclose any new facts which would warrant a departure from this court's prior ruling.

Similarly, neither the trial transcript nor the postconviction pleadings contains evidentiary support for the defendant's contention that her trial attorney was incompetent. The defendant was afforded "meaningful representation" as our Court of Appeals has construed the term *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). Therefore,

the defendant was not deprived of effective assistance of counsel.

The defendant's remaining contentions are without merit. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.