OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified to the extent of remitting the case to Supreme Court, Bronx County, for a hearing on defendant’s motion to vacate the judgment of conviction pursuant to CPL 440.10, and for further proceedings in accordance with this memorandum. As so modified, the order is affirmed.
 

 In this robbery prosecution, the only evidence linking defendant to the crime was the identification testimony of a single witness who, it was established on cross-examination, was
 
 *898
 
 lying face down on the floor with her head resting on her forearms during the robbery. Thus, a critical issue in the trial was whether this witness had an adequate opportunity to observe the event. Nonetheless, it appears from the papers filed in support of defendant’s motion to set aside the judgment of conviction that trial counsel failed to make use of police reports in her possession which established that two other suspects were identified by this witness as defendant’s accomplices, and that both of these identifications proved to be erroneous. According to defendant’s moving papers, which claimed a denial of his right to effective assistance of counsel, the only reason for this omission was that defendant’s trial counsel believed the evidence to be inadmissible. In denying defendant’s motion without a hearing, the Trial Justice apparently agreed, stating, "Whether or not the witness correctly identified defendant’s alleged accomplices was collateral to the issues at trial.” We disagree.
 

 The evidence was clearly probative of the witness’s ability to accurately recall or to observe the details of the robbery, a material, indeed critical, issue in the trial. Under the circumstances of this case, defense counsel’s failure to use the evidence of prior misidentifications, if due solely to an erroneous belief that such evidence was inadmissible, was so prejudicial to defendant’s cause as to deprive him of meaningful representation
 
 (cf. People v Zaborski,
 
 59 NY2d 863). Unlike in
 
 People v Satterfield
 
 (66 NY2d 796), in this case no tactical explanation for trial counsel’s omission is apparent from the transcript or the papers submitted on the motion pursuant to CPL 440.10. We cannot assume, however, simply on the basis of defendant’s allegations, that no such explanation exists. Accordingly, it was error to deny defendant’s motion without a hearing and the case must be remitted to Supreme Court for the resolution of pertinent factual issues.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified to the extent of remitting the case to Supreme Court, Bronx County, for a hearing and other proceedings in accordance with the memorandum herein and as so modified, affirmed.