■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP A. MONTANA, Appellant ▮▮▮▮ Memorandum: Defendant was convicted of assault in the first degree for an attack upon his estranged wife. She testified that he accosted her as she was about to enter her car to go to work, pulled off her glasses and threw sulfuric acid in her face, causing serious permanent injuries. Defendant denied that he was the assailant and testified that shortly before the incident he had received a telephone call from an unknown woman complaining about conduct of the victim with her husband. Defendant also claimed a loss of memory extending from the evening before the attack until he found himself

riding a motorcycle to Syracuse in the early morning of the day of the attack. He testified to another episode of memory loss about a month earlier when he had inexplicably found himself in New York City. He said that he was on medication and under the care of two psychiatrists at the time his estranged wife was assaulted. No expert witnesses were called by defendant at trial.

His first retained attorney timely served a notice of intent to rely on a defense of mental disease or defect (Penal Law § 40.15, formerly § 30.05) but defendant changed counsel and the record does not indicate any followup of such defense by trial counsel.

Defendant now contends that failure to pursue such defense constituted ineffective assistance of counsel; however, the record before us is inadequate for review of such claim. While defense counsel's representation was lacking in several respects, the evidence, the law, and the circumstances of the case, viewed together, show that there was meaningful representation (see, People v Satterfield, 66 NY2d 796, 798-799).

We have examined the other issues argued by defendant and find them without merit. (Appeal from judgment of Oneida County Court, Darrigrand, J.—assault, first degree.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.