■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY E. WENZEL, Also Known as HARRY EDWARD WENZEL, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered June 13, 1983, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the evidence adduced at the trial was legally sufficient to support a finding that the defendant possessed the requisite intent for the commission of attempted murder in the second degree, and that the defendant failed to prove the affirmative defense of extreme emotional disturbance. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that the trial court erred in charging the jury, pursuant to CPL 250.10 (5), that the defendant did not submit to the pretrial psychiatric examination ordered by the court pursuant to CPL 250.10 (3) and that such failure could be considered by the jury in determining the merits of the defendant's affirmative defense of extreme emotional disturbance. The defendant contends that because he did not call any witnesses at the trial, he did not present "proof" of his affirmative defense, within the meaning of CPL 250.10 (5). However, although the defendant did not call his own witnesses, he endeavored to prove his affirmative defense by cross-examination of the People's witnesses. Moreover, since extreme emotional disturbance is an affirmative defense (see, Penal Law § 125.25 [1]), it is the defendant's

burden to establish that defense by a preponderance of the evidence *(see,* Penal Law § 25.00 [2]). Had the defendant not proffered proof of the defense, it could not have even been considered by the jury. The defendant was foreclosed by CPL 250.10 (5) from both advancing his affirmative defense and preventing the People from attempting to disprove the affirmative defense by the testimony of a psychiatrist *(cf., Matter of Lee v County Ct.,* 27 NY2d 432, *cert denied* 404 US 823).

By failing to object to the comments in the prosecutor's summation that he now claims prejudiced him, the defendant did not preserve these matters for appellate review. In any event, a new trial is not warranted owing to any of the claimed errors.

Under the totality of the circumstances, we conclude that the defendant was provided with meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 798-799). Accordingly, the defendant's claim that he was deprived of the effective assistance of counsel must be rejected.

The other contentions raised by the defendant, including those raised in his *pro se* brief, are either unpreserved for our review or without merit. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.