■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered September 5, 1986, convicting him of murder in the second degree (two counts), attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's claim that he was denied his constitutional right to a fair trial by the ineffectiveness of counsel. It is well established that when reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful repre-

sentation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394).

In the instant case, the most damaging testimony against the defendant came from the People's eyewitness who stated that he saw the defendant with a gun immediately prior to the time when the defendant and three cohorts surrounded the victim and the fatal shot was fired. In an effort to impeach this critical prosecution testimony, the defense counsel elicited that the witness had testified before the Grand Jury that he saw the defendant shoot the victim. The witness then swore at trial that this Grand Jury testimony was untrue and that he failed to see which of the group actually shot the victim. Although counsel elicited a damaging statement which the witness had previously made, he effectively impeached the witness thereby calling into question the veracity of his entire testimony. We find this to have been a reasonable and potentially effective trial strategy under the circumstances of this case.

With respect to the defendant's other numerous claims of deficient performance of counsel, we note that it would have been futile to seek an instruction on the affirmative defense to felony murder under Penal Law § 125.25 (3) as the defendant testified at trial that he assumed that his compatriot, whom he claimed to have shot the victim, possessed the gun. It would have been likewise futile to pursue a *Sandoval* hearing since part of the defendant's trial strategy was to discredit the prosecution's eyewitness through evidence that the witness had dated the defendant's girlfriend when the defendant was in prison and that he was going "to take care of" the defendant once he got out of prison. The myriad of other errors asserted by the defendant likewise fail to establish that counsel's performance was so lacking that he failed to meaningfully represent his client. In sum, the record demonstrates that a vigorous defense was presented and the defendant was not deprived of his right to a fair trial owing to ineffective assistance of counsel.

We have examined the defendant's remaining contentions and find that they are either unpreserved for review or are without merit. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.