■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASPAR SETTEMBRE, Appellant.—Appeal by the defendant from an order of the County Court, Putnam County (Hickman, J.), dated December 31, 1986, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered March 20, 1985.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was to set aside the judgment of conviction on the ground of ineffective assistance of appellate counsel and substituting therefor a provision deeming that branch of the motion to be an application for a writ of error coram nobis and transferring that branch of the motion to this court for determination; as so modified, the order is affirmed.

Pursuant to the Court of Appeals determination in *People v Bachert* (69 NY2d 593, 595-596) that "a common-law coram nobis proceeding brought in the proper appellate court is the only available and appropriate procedure and forum to review a claim of ineffective assistance of appellate counsel", this court will review de novo the defendant's claim that he was denied the effective assistance of appellate counsel *(see, People v Settembre,* 152 AD2d 682 [decided herewith]).

We are unpersuaded by the defendant's contention that a hearing on his motion to vacate was necessary to develop additional background facts regarding the purported ineffective assistance of pretrial counsel *(see, People v Satterfield,* 66 NY2d 796; *People v Buckley,* 139 AD2d 589; *cf., People v Ferreras,* 70 NY2d 630; *People v Jenkins,* 68 NY2d 896). Given the nature of the claimed ineffective assistance, a hearing was not required since the motion could be considered on the record made before the trial court and the defendant's evidentiary offerings on the motion *(see, People v Satterfield, supra,* at 798; CPL 440.30 [2]).

In the case at bar, the defendant has made no showing that pretrial counsel's failure to serve notice pursuant to CPL 250.10 was not premised on strategy *(see, People v Rivera,* 71 NY2d 705; *People v Satterfield, supra,* at 798). Accordingly, the remaining branches of the defendant's motion to vacate the judgment of conviction were properly denied without a hearing. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.