■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Owen, J.), rendered December 12, 1986, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT D. SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 21, 1986, convicting him of murder in

the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the People did not prove the voluntariness of his oral and videotaped statements. We disagree. Upon our review of the record concerning the circumstances under which the statements were made, we find that the People proved beyond a reasonable doubt that the defendant's statements to the police were made voluntarily after he received the requisite warnings (see, People v Tarsia, 50 NY2d 1, 11-12; People v Casassa, 49 NY2d 668, 681, cert denied 449 US 842; People v Anderson, 42 NY2d 35, 38).

We also reject the defendant's claim that he was denied his constitutional right to a fair trial by the alleged ineffectiveness of his trial counsel. It is settled that when reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight, and, if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Butler, 143 AD2d 140, 141). A review of the record indicates that despite counsel's alleged errors he presented a vigorous defense and thereby satisfied the defendant's right to the effective assistance of counsel (see, People v Butler, supra; People v Golliver, 126 AD2d 668).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.