■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MOORE, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (Dufficy, J.), both rendered July 2, 1986, convicting him of attempted robbery in the first degree under indictment No. 825/85, and attempted robbery in the first degree under indictment No. 2779/85, upon his pleas of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that his pleas of guilty were improperly entered because he was not adequately informed of the consequences he might face if he were to be convicted of a third violent felony on some future date and was not adequately questioned regarding the facts supporting his guilt of the crimes.

The record indicates that the defendant failed to move before the Supreme Court to withdraw his pleas prior to sentence pursuant to CPL 220.60 (3) or to vacate the judgment of conviction pursuant to CPL 440.10. Accordingly, he has not preserved his claims regarding the acceptance of his pleas of guilty for appellate review (see, People v Lopez, 71 NY2d 662).

In any event, the record clearly reflects that the pleas were entered knowingly, voluntarily and intelligently *(see, Brady v United States,* 397 US 742, 747).

The defendant's further contention that he was denied his right to counsel at a lineup conducted with respect to indictment No. 825/85 is also without merit. Contrary to the defendant's contentions, the record clearly indicates that no court order was issued to produce the defendant at the lineup conducted on February 12, 1985, and that he was in fact at liberty prior to his arrest following the lineup. Accordingly, the defendant's right to counsel had not attached at the time of his appearance in the lineup and the absence of counsel at that time therefore did not constitute a violation of his Sixth and Fourteenth Amendment rights *(cf., People v Coates,* 137 AD2d 192).

Finally, the defendant's contention that he did not receive meaningful representation of counsel is not supported by the record. The evidence, the law and the circumstances of this case viewed together and as of the time of representation reveal that the defendant was provided with effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796, 798-799). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.