■ The People of the State of New York, Respondent, v Frank Berrios, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered October 29, 1985, after a jury trial, convicting defendant of robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree and sentencing defendant, as a second violent felony offender, to concurrent terms of from 10 to 20 years, 3½ to 7 years, and one year, respectively, unanimously affirmed.

Defendant was convicted of robbing and stabbing the victim after he and an unapprehended accomplice invited the victim to share in some cocaine. The victim knew defendant slightly from the neighborhood. A witness, who was a friend of the victim and also knew defendant slightly from the neighborhood, testified that he saw the victim, the defendant and the accomplice walk towards the site of crime just before it occurred.

Defendant's claim on appeal that it was error not to charge and define acting in concert is unpreserved (CPL 470.05 [2]; *People v Ford,* 66 NY2d 428, 441). The trial court did ask defendant for requests to charge and, after instructing the jury, asked him whether he had any exceptions to the charge as given. Defendant neither requested an instruction on acting in concert nor excepted to the charge as given. In any event, no reasonable view of the evidence permits an inference that defendant acted in any capacity other than as a principal.

Also unpreserved is defendant's bolstering argument, both as to the eyewitness and the arresting officer. He did not

object to the testimony when given, request a curative instruction, or move for a mistrial on this basis (CPL 470.05 [2]; *People v Galloway,* 54 NY2d 396). In any event, the eyewitness did not identify defendant as the person who robbed the victim, but only as the person he saw walking with the victim prior to the robbery; and the arresting officer did not testify that he arrested defendant after he was identified by the victim. There being no violation within the meaning of *People v Trowbridge* (305 NY 471), we decline to review in the interest of justice.

Defendant has not demonstrated on appeal that he was deprived of meaningful representation at trial *(People v Baldi,* 54 NY2d 137, 147; *People v Satterfield,* 66 NY2d 796, 799).

We have examined defendant's remaining contentions, to wit, that the court disparaged defense counsel and unduly restricted cross-examination, and find them to be meritless. Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.