■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DUNN, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J.), rendered July 24, 1985, which, after a jury trial, convicted defendant of the crimes of robbery in the first degree (Penal Law § 160.15), robbery in the second degree (Penal Law § 160.10), attempted rape in the first degree (Penal Law §§ 110.00, 130.35) and assault in the second degree (Penal Law § 120.05 [two counts]) and which sentenced him to concurrent indeterminate prison terms of 12½ to 25 years on the robbery one court, 7½ to 15 years on each of the robbery two and the attempted rape one counts, and 3½ to 7 years on the first assault two count, and 2½ to 5 years on the second assault two count, and this last sentence is to run consecutively to the sentences on the first four counts, is unanimously affirmed, and counsel's motion to withdraw is denied.

By New York County indictment number 1105, filed February 25, 1985, a Grand Jury charged defendant with committing the crimes of robbery in the first degree, robbery in the second degree, attempted rape in the first degree, and assault in the second degree (two counts).

At trial, the People's evidence indicated, in substance, that shortly after 6:00 A.M. on February 10, 1985, in an apartment building located on West 140th Street, Manhattan, defendant robbed, attempted to rape, and stabbed the female victim twice with a screwdriver. Thereafter, the victim's husband appeared on the scene, struggled with the defendant, subdued

him, and then held him until the police arrived. During that struggle, the defendant used the screwdriver to cut the husband.

The jury convicted defendant of all of the counts contained in the indictment, and subsequently defendant was sentenced, as set forth *supra.*

On appeal, the defendant's assigned counsel submits a memorandum of law, which indicates that there are no nonfrivolous issues to raise and moves for leave to withdraw. Also, the defendant, *pro se,* submits a supplemental memorandum of law, which raises a number of issues.

After our review of the record, we disagree with counsel's conclusion that there are no nonfrivolous issues, deny his motion, and consider the nonfrivolous issues contained in defendant's *pro se* memorandum.

Defendant contends that he was not advised of his right to remain silent and his right to counsel after he was taken into custody. We find there was no reversible error, since defendant did not move to suppress postarrest statements in the trial court *(People v Charleston,* 54 NY2d 622 [1981]) and, in any event, the People did not offer any such statements against him during trial *(Michigan v Mosley,* 423 US 96, 99-100 [1975]).

Next, defendant contends that his arraignment on the indictment was defective, since he was neither represented by counsel nor advised of the nature of the charges at that time. This contention is meritless, since our examination of the arraignment transcript clearly indicates that, on March 20, 1985, defendant was both represented by counsel and advised of the nature of the instant indictment.

Further, defendant contends that the indictment was defective, since same did not allege an essential element of the crimes charged, which was his intent to use the screwdriver unlawfully, and, further, he contends that the trial court erred in admitting same into evidence against him. There is no reversible error, since we find that the instant indictment properly charged the crimes, in accordance with the Penal Law sections concerning them. Moreover, we find that the screwdriver was relevant to proving the charges and, therefore, same was admissible *(People v Mirenda,* 23 NY2d 439, 453 [1969]).

Also, defendant contends that he did not receive the effective assistance of counsel at trial. Based upon our examination of the trial transcript, we find that defendant received effec-

tive and meaningful representation *(People v Rivera,* 71 NY2d 705, 708-709 [1988]; *People v Satterfield,* 66 NY2d 796, 798 [1985]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]).

We have examined the other issues raised by defendant, *pro se,* and find them to be without merit. Accordingly, we affirm.

The order of this court entered herein on April 3, 1990 and the memorandum decision filed therewith [160 AD2d 175] are recalled and vacated. Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.