■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND LEWIS, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered August 8, 1990, which convicted defendant upon his guilty plea of two counts of attempted robbery in the second degree, arising under two separate indictments, for which defendant was sentenced as a second violent felony offender to consecutive terms of 2½ to 5 years, unanimously affirmed.

Defendant was convicted of two separate and distinct muggings, carried out in concert with others. The second mugging occurred while defendant was free on bail under the first indictment. On appeal, defendant challenges the actual allocution under one of those indictments. However, in order to preserve a challenge to the factual sufficiency of a plea allocution, there must have been a motion to withdraw the plea under CPL 220.60 (3), or a motion to vacate the judgment of conviction under CPL 440.10. Defendant's failure to make either appropriate motion denied the trial court of an opportunity to take corrective measures, if necessary *(People v Lopez, 71 NY2d 662, 665).* The totality of the circumstances indicates that defendant made a knowing and voluntary decision to

accept the People's offer, in furtherance of his own best interests.

On the record presented, we conclude that defendant had meaningful and adequate representation *(see, People v Satterfield,* 66 NY2d 796).

We reject defendant's contention that the court erred in its understanding of the limits of its sentencing discretion. The trial court never indicated any intention of sentencing defendant in a manner inconsistent with the People's conditions, and imposed a lawful sentence. Nor in the circumstances do we find the sentence imposed to have been an abuse of discretion *(People v Farrar,* 52 NY2d 302, 305). Since defendant is still incarcerated and failed to move for resentencing on the basis of his alleged inability to pay the mandatory surcharge, his present application in respect thereto is premature *(People v McCain,* 134 AD2d 527, *lv denied* 71 NY2d 899; *People v Fleming,* 134 AD2d 610, *lv denied* 71 NY2d 895). We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Smith, JJ.