THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FARRINGTON, Appellant. [639 NYS2d 436]

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury and its determination should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the crime of attempted robbery in the first degree is a legally cognizable crime *(see,* Penal Law §§ 110.00, 160.15 [1]; *People v Miller,* 87 NY2d 211).

The defendant also failed to demonstrate that there was ineffective assistance of counsel since "the evidence, the law, and the circumstances * * * viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). Counsel's failure to utilize at trial a videotape of a police interview of one of the co-perpetrators was a trial tactic and did not render his representation of the defendant incompetent *(see, People v Satterfield,* 66 NY2d 796). Thus, the defendant's post-judgment motion was properly denied.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Joy, Hart and Florio, JJ., concur.