THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EURAL WARREN, JR., Appellant. [667 NYS2d 582] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Upon our review of the record, we conclude that the conviction is supported by legally sufficient evidence and that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Although the victim was punched and knocked down by another person after being beaten by defendant with a blunt instrument, the victim's death was not solely attributable to the second assailant (*see, Matter of Anthony M.,* 63 NY2d 270, 280; *People v Stewart,* 40 NY2d 692, 697). Medical testimony established that the victim died from the cumulative effect of several skull fractures, only one of which was caused by the second assailant. "[D]efendant's conduct was an actual cause of death, in the sense that it forged a link in the chain of causes which actually brought about the death" (*People v Stewart, supra,* at 697). Defendant failed to preserve for our review his contention that the medical examiner should not have been permitted to testify regarding the manner of death (*see,* CPL 470.05 [2]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We further conclude that defendant received meaningful representation (*see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147) and that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.