People v Odendahl (2018 NY Slip Op 04570)





People v Odendahl


2018 NY Slip Op 04570


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-10950
2016-11867
 (Ind. No. 15-00077)

[*1]The People of the State of New York, respondent,
v
John D. Odendahl, appellant.


Gary Greenwald & Partners, P.C., Chester, NY (David L. Gove and David A. Brodsky of counsel), for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the County Court, Orange County (Victor J. Alfieri Jr., J.), rendered October 16, 2015, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated September 22, 2016, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment rendered October 16, 2015.
ORDERED that the judgment and the order are affirmed.
The County Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Contrary to the defendant's contention, the court could determine from the parties' submissions that the defendant was not deprived of the effective assistance of counsel (see CPL 440.30[1], [4]; People v Satterfield, 66 NY2d 796, 799-800; People v Khan, 153 AD3d 935, 935; People v Chin, 148 AD3d 926, 926-927), and that he was not, by reason of mental disease or defect, incapable of understanding or participating in the proceedings (cf. CPL 440.10[1][e]; People v Tortorici, 92 NY2d 757, 765).
The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court