People v Cortez (2020 NY Slip Op 01929)





People v Cortez


2020 NY Slip Op 01929


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2018-12256
 (Ind. No. 17-00394)

[*1]The People of the State of New York, respondent,
v
Alfonso Cortez, appellant.


Christopher Renfroe, Forest Hills, NY (Eric Renfroe of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered September 5, 2018, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and sentencing him to concurrent determinate terms of 9½ years of imprisonment followed by 2½ years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree and 2 years of imprisonment followed by 1½ years of postrelease supervision on each conviction of criminal possession of a weapon in the third degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by vacating the convictions of criminal possession of a weapon in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) by reducing the sentence imposed upon the conviction of criminal possession of a weapon in the second degree from a determinate term of imprisonment of 9½ years followed by 2½ years of postrelease supervision to a determinate term of imprisonment of 7 years followed by 2½ years of postrelease supervision; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of criminal possession of a weapon in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Leader, 27 AD3d 901, 903-904).
The defendant failed to preserve for appellate review his contention that certain comments made by the prosecutor during summation deprived him of a fair trial, as he failed to object to those comments (see CPL 470.05[2]). In any event, most of the challenged summation comments constituted fair comment on the evidence and reasonable inferences to be drawn therefrom or were fair response to defense counsel's comments during summation (see People v Coleman, 148 AD3d 717, 718). To the extent that any of the remaining challenged comments were [*2]improper, they were not "so flagrant or pervasive" as to have deprived the defendant of a fair trial (People v Almonte, 23 AD3d 392, 394). Furthermore, defense counsel's failure to object to these comments did not deprive the defendant of the effective assistance of counsel since the comments in question did not deprive the defendant of a fair trial (see People v Johnson, 171 AD3d 1089, 1090-1091).
Defense counsel's inadvertent elicitation of certain prejudicial testimony on cross-examination of a witness for the People did not constitute ineffective assistance of counsel. A single error by trial counsel will not be deemed to have deprived a defendant of the effective assistance of counsel unless that error is "sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152). Here, at defense counsel's prompt request, the County Court struck the prejudicial testimony from the record and twice issued curative instructions, which the jury is presumed to have followed (see People v Baker, 14 NY3d 266, 274). Moreover, the record as a whole establishes that defense counsel competently represented the defendant and provided him with meaningful representation (see People v Baldi, 54 NY2d 137, 147).
The defendant's contention that the County Court erred in failing to suppress physical evidence is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Hughes, 68 AD3d 894, 895).
However, as the People concede, the evidence was legally insufficient to establish the defendant's guilt of both counts of criminal possession of a weapon in the third degree (Penal Law § 265.02[8]). Although this contention is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction and vacate those convictions, vacate the sentences imposed thereon, and dismiss those counts of the indictment.
The sentence imposed on the defendant's conviction of criminal possession of a weapon in the second degree was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court