People v Gardine (2020 NY Slip Op 04005)





People v Gardine


2020 NY Slip Op 04005


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11847 9946/94

[*1] The People of the State of New York, Respondent,
v
Wayne Gardine, Defendant-Appellant.


Emery Celli Brinckerhoff & Abady LLP, New York (Emma L. Freeman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Order, Supreme Court, New York County (Gilbert C. Hong, J.), entered on or about April 18, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment rendered July 24, 1996, unanimously affirmed.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]; People v Satterfield, 66 NY2d 796, 799-800 [1985]). Initially, while we recognize that affidavits in support of such a motion may be made on information and belief, we note that defendant only supplied the affidavit of an investigator recounting his telephone conversations with two persons, who identified themselves as two known eyewitnesses to the homicide of which defendant was convicted. Even putting aside the lack of affidavits from anyone with personal knowledge, the fact that defendant has not satisfactorily explained the decades-long delay in investigating these matters, and the reliability issues arising from the fact that the witnesses were recalling events that occurred in 1994, we find that these witnesses' statements did not support any ground for vacating the judgment, and that no hearing was necessary.
Defendant asserts that his conviction should be vacated under CPL 440.10(1)(g) because the information contained in the investigator's phone conversations with the two witnesses constituted newly discovered evidence. However, as to both witnesses, defendant failed to satisfy the requirements of such a claim (see generally People v Velazquez, 143 AD3d 126, 131-132 [1st Dept 2016], lv denied 28 NY3d 1189 [2017], with particular regard to due diligence and materiality.
The first witness at issue testified at defendant's trial, where he maintained that the only person who shot the victim was defendant. Decades later, this witness allegedly told defendant's investigator that the victim was fired upon by both defendant and a second man, who shared defendant's motive to take revenge on the victim. However, in defendant's own statement to the police at the time of his arrest, he sought to blame this other man for the homicide. Accordingly, defendant was in a position to develop this issue at his trial, by cross-examination of the testifying eyewitness or otherwise, and thus the belated revelation to the investigator does not qualify as newly discovered. Furthermore, defendant has not shown that the evidence would probably change the outcome of the trial. Even if the witness now believes that he saw two people shooting at the victim, he still maintains that defendant shot the victim, and the assertion that there were two men firing weapons would directly contradict the ballistics evidence that all 10 cartridge cases found at the scene came from the same pistol.
The second witness, who was a child at the time, refused to testify at defendant's trial, and was the subject of a missing witness application by the defense. In the phone call related by defendant's investigator, this witness said that he was with the above-discussed testifying witness at the time of the homicide, but that it was too dark and they were too far from the scene for [*2]either of them to identify the assailant. This evidence also fails to qualify as newly discovered, because defendant has not established that, through the exercise of due diligence, he could not have interviewed this witness at the time of his trial, or, in any event, why it took defendant so many years to do so. In addition, defendant has not shown that this evidence would probably change the result, because it would be subject to impeachment by the child witness's statement to police shortly after the crime, and because the lighting and the testifying witness's distance from the shooting were highly contested issues that were thoroughly explored at trial.
Defendant has also failed to establish a claim under Brady v Maryland (373 US 83 [1963]). Defendant bases this claim on the portion of the investigator's account of his phone conversation with the testifying witness in which the witness allegedly claimed to have told a detective that there were two gunmen (including defendant). However, all other available evidence contradicts, or fails to support any claim that there was an undisclosed, unrecorded statement by this witness to the police. In any event, for the reasons discussed previously, this information was not exculpatory of defendant, and there is no reasonable possibility that it could have affected the verdict.
Finally, we find defendant's claim of actual innocence unavailing (see Velazquez, 143 AD3d at 136).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK