People v Tirado (2023 NY Slip Op 05746)

People v Tirado

2023 NY Slip Op 05746

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2019-04596
 (Ind. No. 2422/17)

[*1]The People of the State of New York, respondent, 
v
Juan Tirado, appellant.

Ronald L. Kuby, New York, NY (Rhidaya Trivedi of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter Vallone, Jr., J.), rendered April 10, 2019, convicting him of course of sexual conduct against a child in the second degree, endangering the welfare of a child, and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of course of sexual conduct against a child in the second degree, endangering the welfare of a child, and sexual abuse in the third degree. The charges were based on allegations that the defendant sexually abused the complainant for several years starting when the complainant was 11 years old.
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Under the federal standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Under the state standard, counsel must provide meaningful representation (see People v Benevento, 91 NY2d 708, 712), but "[a] single error
may [constitute] ineffective assistance [if] the error is sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152; see People v Cortez, 181 AD3d 820, 822). "[I]t is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings. . . . As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d at 712-713 [citations and internal quotation marks omitted]).
"The performance of counsel must be viewed without the benefit of hindsight and if [*2]counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (People v Butler, 143 AD2d 140, 140-141; see People v Satterfield, 66 NY2d 796, 798-799). "[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics" (People v Butler, 143 AD2d at 140).
Contrary to the defendant's contention, defense counsel presented a reasonable strategy of seeking to discredit the complainant's testimony by pointing to inconsistencies in her testimony and eliciting testimony from the defendant and his coworker to cast doubt on the complainant's time frame for the abuse. Counsel's unsuccessful strategy does not warrant reversal of the defendant's judgment of conviction (see id. at 140-141).
Contrary to the defendant's further contention, defense counsel was not ineffective for failing to introduce into evidence the testifying detective's police report under the past recollection recorded exception to the hearsay rule (see People v Taylor, 80 NY2d 1, 8; People v Ramirez, 112 AD2d 326, 326-327). Moreover, the defendant failed to demonstrate the lack of a strategic or other legitimate explanation for counsel's decision not to seek to admit the police report, as the report contained information that would have bolstered the complainant's in-court testimony (see People v Benevento, 91 NY2d at 712-713).
Contrary to the defendant's further contention, defense counsel was not ineffective in failing to object to the testimony of the People's expert witness. The testimony neither bolstered nor vouched for the complainant's credibility, as the expert spoke in general terms and did not suggest that the charged crimes occurred (see People v Diaz, 20 NY3d 569, 575-576; People v Tebout, 179 AD3d 1099, 1101). "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success'" (People v Caban, 5 NY3d at 152, quoting People v Stultz, 2 NY3d 277, 287).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court