People v Gomez (2024 NY Slip Op 00327)

People v Gomez

2024 NY Slip Op 00327

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2018-08200
 (Ind. No. 753/17)

[*1]The People of the State of New York, respondent,
v
Juan Carlos Gomez, appellant.

Sabato Caponi, Bohemia, NY, for appellant.
Raymond A. Tierney, Riverhead, NY (Shiry Gaash and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered May 23, 2018, convicting him of robbery in the second degree (seven counts), upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 5 years for counts 1 and 5, to be followed by a period of postrelease supervision of 2 years, to run consecutively with concurrent determinate terms of imprisonment of 15 years for counts 2, 3, 6, and 7, to be followed by a period of postrelease supervision of 5 years, and to run consecutively with a determinate term of imprisonment of 5 years for count 8, to be followed by a period of postrelease supervision of 2 years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of seven counts of robbery in the second degree arising out of robberies committed at three small, family-owned businesses in Suffolk County.
Contrary to the defendant's contention, the County Court did not err in declining his request for a missing witness charge regarding the People's failure to call the lead detective for one of the robberies. "[A] missing witness charge is warranted for a party's failure to produce a witness, under its control, where the witness's testimony would have been material and noncumulative of other testimony or evidence" (People v Leftenant, 173 AD3d 1211, 1212). The party seeking the missing witness charge must sustain an initial burden of showing that the opposing party has failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party (see People v Edwards, 14 NY3d 733, 735).
The defendant's application for a missing witness charge was untimely, as it was not made until after the close of evidence (see People v Joseph, 161 AD3d 1105, 1105). In any event, the defendant failed to show that the uncalled witness would provide noncumulative testimony (see People v Williams, 195 AD3d 1050, 1051), and defense counsel was permitted to comment during [*2]summation on the People's failure to call the witness in question (see People v Grant, 170 AD3d 888, 890).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Under the federal standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Under the state standard, counsel must provide meaningful representation (see People v Benevento, 91 NY2d 708, 712), but "[a] single error may [constitute] ineffective assistance [if] the error is sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152; see People v Cortez, 181 AD3d 820, 822). "[I]t is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings. . . . As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d at 712-713 [citations and internal quotation marks omitted]).
"The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (People v Butler, 143 AD2d 140, 140-141; see People v Satterfield, 66 NY2d 796, 798-799). "[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics" (People v Butler, 143 AD2d at 140).
Contrary to the defendant's contention, defense counsel was not ineffective in failing to request an accomplice charge pursuant to CPL 60.22 (see People v Portious, 201 AD3d 820, 822). The defendant failed to establish the absence of a strategic reason for defense counsel not requesting such a charge.
Likewise, defense counsel's failure to request a jury charge regarding the voluntariness of the defendant's statements to the police did not, under the circumstances, deprive the defendant of his right to effective assistance of counsel (see People v Johnson, 81 AD3d 745, 745).
Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Honghirun, 29 NY3d 284, 289; People v Benevento, 91 NY2d at 712), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court