People v Bailey (2025 NY Slip Op 03144)

People v Bailey

2025 NY Slip Op 03144

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Ind No. 4019/14|Appeal No. 4432|Case No. 2022-05658|

[*1]The People of the State of New York, Respondent,
v
Darien Bailey, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about September 1, 2022, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction rendered December 23, 2015, unanimously affirmed.
The court providently exercised its discretion in summarily denying defendant's CPL 440.10 motion, as the motion could be determined based on the trial record and defendant's additional submissions (see People v Satterfield, 66 NY2d 796, 799 [1985]; see also CPL 440.30[4][a]).
Although defendant's claims of ineffective assistance of counsel for failure to obtain defendant's psychiatric records were not procedurally barred by CPL 440.10 (2)(c), which expressly does not apply to claims of ineffective assistance of counsel, the court nevertheless properly found, as an alternative holding, that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 711-713 [1998]; Strickland v Washington, 466 US 668, 689-692 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that they were prejudicial. Although defendant faults counsel for failing to obtain his medical records, those records reflect that his psychiatric examiners concluded that defendant was likely not being truthful regarding his history of mental illness, that he appeared to be feigning experiencing hallucinations, and that he was probably malingering to manipulate the legal process. Further, defendant told the Department of Probation that he was in "good mental health"; he was not taking any psychiatric medication; he was raised in a "stable home environment"; and he was never the victim of abuse. Under these circumstances, there is no reasonable probability that counsel would have prevailed had he conducted additional investigation and centered his defense at trial and mitigation theories at sentencing around those materials (see People v Stultz, 2 NY3d 277, 283 [2004]; People v Fernandez, 236 AD3d 527 [1st Dept 2025]).
Defendant's submissions did not establish a Brady violation by the People in failing to disclose NYPD paperwork pertaining to the hospitalization and medical examination of defendant after the incident. Initially, his contention that the form exists is speculative. Second, any information it contained could not be considered "suppressed," because defendant "knew of, or should reasonably have known of, the evidence and its exculpatory nature"; he would know of his own hospitalization and exams (People v Doshi, 93 NY2d 499, 506 [1999]). Furthermore, defendant did not demonstrate "a reasonable probability that the result would have been different if the evidence had been disclosed," as the information he suggests that NYPD form would have conveyed was adduced at trial through witness testimony (People v Giuca, 33 NY3d 462, 473-474 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025