■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GORDON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered March 15, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial, while wholly circumstantial, was sufficient to establish beyond a reasonable doubt that on May 3, 1977 defendant killed eight-year-old Nathan Scharf by throwing him off the roof of a six-story building in Brooklyn (*People v Benzinger*, 36 NY2d 29, 32). Witnesses put defendant in the company of the boy, who had a bicycle with him, from shortly before 8 P.M. until they were last observed together in the elevator heading up to the roof of the building at about 8:15 P.M. About five minutes thereafter, a tenant heard a shattering noise on the terrace. Investigation led to the discovery of Nathan's broken body, naked from the waist down, on the terrace. His bicycle was found in the stairway, next to the roof landing. Prior to his arrest, during questioning by the police, defendant gave a false alibi. After his arrest, defendant made damaging admissions outside central booking to television news reporters who questioned him about the crime. Defendant stated to one of the reporters that he did not know what he was doing at the time; that he was intoxicated and an alcoholic; and that he was sorry about the whole thing. He also stated that he only knew the boy from the neighborhood, did not know the boy's family and did not know that his father was a rabbi.

We have viewed the videotape and find that it was properly admitted into evidence. Uncounseled statements made after a defendant has requested counsel are inadmissible only if elicited by an agent of the State (*People v Hobson*, 39 NY2d 479, 481). There is no evidence here that the statements made by defendant during the television interview were induced, provoked or

encouraged by any actions of the police officers (*see, People v Harris,* 57 NY2d 335, 342, *cert denied* 460 US 1047; *People v Jones,* 47 NY2d 528). On the contrary, defendant freely decided to talk to reporters in an informal, on-the-street meeting. Thus, the introduction of the videotape did not violate his right to counsel (*People v Hobson, supra,* at p 481).

We have considered such other of defendant's arguments as have been preserved for our review and find them to be without merit. Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.