■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. GOLLIVER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered May 24, 1984, convicting him of murder in the second degree (three counts), robbery in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

The hearing court did not err in denying so much of the defendant's pretrial motion as sought suppression of the oral statements made by the defendant during his prearraignment detention and after his indelible right to counsel had attached, as the evidence adduced at the suppression hearing supports the hearing court's determination that those statements were either spontaneous *(see, People v Rivers,* 56 NY2d 476; *People v Stoesser,* 53 NY2d 648; *People v Carmine A.,* 53 NY2d 816), or were not elicited by an agent of the State *(see,* CPL 60.45 [2] [b] [ii]; *People v Ray,* 65 NY2d 282; *People v Gordon,* 111 AD2d 409).

In addition, the evidence, the law, and the circumstances of this case, viewed together as of the time of representation, reveal that meaningful representation was provided, and thus the defendant's constitutional right to the effective assistance of counsel has been satisfied *(see, People v Satterfield,* 66 NY2d 796). As it has often been held, mistaken judgment in trial strategy cannot be considered ineffective assistance *(People v Smith,* 59 NY2d 156; *People v Jackson,* 52 NY2d 1027).

The imposition of consecutive sentences for murder in the second degree (intentional murder), robbery in the first degree and sodomy in the first degree was not improper at bar, since the offenses were committed through separate and distinct

acts *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839).

We have considered the defendant's contentions with regard to the jury charge and find that they are either unpreserved for appellate review or without merit, and under the circumstances we decline to review them in the interests of justice. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.