■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN DONELLY, Also Known as SHAWN DONNELLY, Also Known as DESHAWN DONELY, Also Known as MICHAEL JOHNSON, Appellant.—Judgment of the Supreme Court, New York County (Rena K. Uviller, J., at hearing, trial and sentence), rendered on August 7, 1986, and sentence amended on September 8, 1986, convicting defendant, after a jury trial, of four counts of burglary in the third degree, one count of grand larceny in the third degree, one count of criminal possession of stolen property in the second degree, and two counts of criminal possession of stolen property in the third degree, and sentencing him as a predicate felon to concurrent indeterminate prison terms of from 2 to 4 years for one burglary count, 1½ to 3 years for the grand larceny count, 1½ to 3 years for each of the possession of stolen property counts, and 2½ to 5 years for each of the other two burglary counts, all to run consecutively with a sentence of 2½ to 5 years on the fourth burglary count, is unanimously affirmed.

The evidence at trial demonstrates that on December 2, 1985, defendant broke through the window of a store with a metal rod and removed a red leather garment. Following a series of burglaries on December 25, 1985 he was arrested when an officer discovered him in possession of a metal rod

and the goods stolen in the course of those burglaries. The burglary on December 2 and the series of burglaries on December 25 were committed through separate and distinct acts, justifying the consecutive sentences *(People v Golliver,* 126 AD2d 668, *lv denied* 69 NY2d 880). Further, we are unpersuaded that the sentence imposed was unduly harsh or severe.

Defendant argues that the court erred in allowing evidence that he possessed metal rods when arrested after the December 25th burglaries. Defendant also asserts that reversal is mandated due to alleged prosecutorial misconduct on summation and that certain charges to the jury should have been given or omitted. These contentions are not preserved as a matter of law and we therefore decline to reach them. However, even were we to consider these points in the interest of justice, we would nonetheless affirm, finding them to be without merit. Although the prosecutor's extensive argument that the People's witnesses were not lying was inappropriate, particularly since defendant urged that these witnesses were honestly mistaken, the prosecutor's summation did not, on the whole, exceed the broad bounds of permitted rhetorical comment *(People v Galloway,* 54 NY2d 396, 399).

We have reviewed defendant's claims relating to his pretrial suppression motion and deem them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.