■ H.W. COLLECTIONS, INC., et al., Appellants, v WALTER KOLBER, Respondent. [682 NYS2d 189] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered August 8, 1997, granting defendant's motion for summary judgment to the extent of dismissing plaintiff's first two causes of action on the ground they are barred by a release, unanimously reversed, on the law, with costs and disbursements, the motion denied and the two causes of action reinstated.

Defendant was a shareholder, officer and executive employee of plaintiff H.W. Collections, Inc., now defunct, which produced and sold, at wholesale, women's apparel. The other shareholder in the corporate plaintiff was Woods/HBS Enterprises, Inc., a corporate entity whose shareholders were the two individual plaintiffs and a third person. On November 3, 1994, H.W., its shareholders and the shareholders of Woods/HBS entered into an agreement to cease operations and liquidate H.W. In addition to providing for the satisfaction of the corporation's debt and distribution of its assets, the agreement provided, "The [parties] hereby release each other from any claims or demands any may have against the others arising out of the operations of the Corporation." In its complaint, H.W. alleges that defendant breached his fiduciary duty to the corporation, causing it to sustain money damages. The first cause of action alleges that defendant, in breach of his fiduciary obligations, made sales of garments for cash, which he retained for his own benefit and created false and fictitious credit allowances to purchasers in order to hide the cash sales he had made. The second cause of action alleges that defendant breached his fiduciary

duty by generating fictitious invoices that H.W. used to secure bank loans.

Simultaneously with the service of his answer and prior to any discovery, defendant moved for summary judgment dismissing the complaint, arguing that the claims are barred by the release. H.W. rejoined that the release does not insulate him from the consequences of his fraud and charges of breach of fiduciary duty. The motion court dismissed the first two causes of action as barred by the release, holding that since H.W. failed to show that the release was the product of fraud, it acts as an absolute bar to the assertion of these causes of action. We reverse.

While a plaintiff's lack of knowledge of a defendant's conduct prior to the execution of a release is irrelevant to the validity of the release (*see, e.g., Mergler v Crystal Props. Assocs.*, 179 AD2d 177, 180), a general release will not insulate a tortfeasor from allegations of breach of fiduciary duty, where he has not fully disclosed alleged wrongdoing or a conflict of interest (*see, Matter of Birnbaum v Birnbaum*, 117 AD2d 409). Defendant, as a shareholder, officer and director of a close corporation, owed a duty of honesty and good faith to H.W. requiring that he devote his undivided and unqualified loyalty to its interest. (*Fender v Prescott*, 101 AD2d 418, 422-423, *affd* 64 NY2d 1079.) H.W. points to three contested collection matters, highlighting defendant's unorthodox business practices, as proof of his breach of fiduciary duty and divided loyalty. Moreover, we do not read the release of any claims "arising out of the operations of the Corporation" as including defendant's alleged rogue acts. Upon a review of the record, we find that H.W. has asserted potentially viable causes of action for breach of fiduciary duty, as to the validity of which discovery would be helpful. The first two causes of action are reinstated. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.