■ Sage Realty Corporation et al., Appellants-Respondents, v Sandra Kerin, Respondent-Appellant, et al., Defendants. [723 NYS2d 12] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about June 14, 2000, which, in an action for breach of the non-disparagement clause contained in the parties' employment "separation agreement" and for breach of the duty of loyalty, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs to defendant-respondent-appellant payable by plaintiffs.

The contract clause in question requires defendant to refrain from making disparaging comments about plaintiff or assisting others in doing so. The cause of action based on this clause alleges that shortly after defendant left plaintiff's employ, she was interviewed by a trade paper, which reported that she "decided she'd rather hit the pavement than [plaintiff's] principal]." Even assuming that such language can be reasonably understood as disparaging, the cause of action based thereon was properly dismissed, after depositions of both defendant and the reporter had been taken, in the absence of any evidence that defendant solicited the interview or suggested the language in the article or provided any information which would support the implication. Nor is there any merit to the cause of action for breach of the duty of loyalty, the record establishing that all of the alleged breaches were known to plaintiff at the time it entered into the separation agreement, which contained a general release (*cf., H. W. Collections v Kolber*, 256 AD2d 240, 241). We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Lerner and Buckley, JJ.

■ Hobart G. Truesdell, as Plan Administrator for, on Behalf of, and as Successor to Reorganized Mid-American