■ Sandra Kerin, Respondent, v Melvyn Kaufman et al., Appellants. [745 NYS2d 22] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered December 5, 2001, upon an order granting plaintiff's motion for summary judgment in lieu of complaint and awarding damages plus interest, unanimously reversed, on the law, without costs, the motion denied, plaintiff's moving papers are deemed a complaint, and defendants are given 20 days from service of a copy of this order, with notice of entry, to serve an answer.

Defendants are principals of a company in which plaintiff was formerly employed as vice-president. Plaintiff sued defendants as guarantors of the financial obligations of her employment termination agreement, and commenced this action by way of a motion for summary judgment in lieu of complaint. CPLR 3213 provides for this accelerated relief where the contract allegedly breached was "an instrument for the payment of money only." But the remedy is not available where there are other issues and considerations presented by the writing. For example, this procedural avenue is foreclosed if the liabilities and obligations can only be ascertained by resort to evidence outside the instrument, or if more than simple proof of nonpayment or a de minimis deviation from the face of the document is involved (*Weissman v Sinorm Deli*, 88 NY2d 437).

The agreement underlying defendants' guaranty obligated plaintiff to refrain from making disparaging comments about her former employer, a condition of loyalty that defendants claim she failed to honor. Plaintiff asserts that an earlier adjudication dismissing those claims on the merits (*see, Sage Realty Corp. v Kerin*, 281 AD2d 334) precludes their resurrection now as a barrier to CPLR 3213 relief. Defendants counter that res judicata invokes an excursion outside the four corners of the agreement, and is thus unavailable under the statute.

The question before us is whether resort to the procedural device of summary judgment in lieu of complaint limits the parties to the terms of the agreement at the time it is made, or whether it is also available in more complex agreements where all issues *other than* the claim on "an instrument for the payment of money only" have been resolved. In other words, summary judgment under CPLR 3213 requires an unequivocal and unconditional promise to pay a sum of money; but suppose the agreement does contain conditions *which have been met* after execution. Can the agreement now be considered sufficiently pruned so as to qualify as an instrument for the payment of money only?

In *Diversified Invs. Corp. v DiversiFax, Inc.* (239 AD2d 231, *lv dismissed* 90 NY2d 935), we held that an unconditional obligation to pay came within the ambit of CPLR 3213 where the agreement, *by its own terms,* provided that a suspended debt would be automatically reinstated and become due upon the debtor's failure to make a necessary registration of the securities held as collateral by a date certain. The debtor's failure to comply with this obligation resulted in a situation specifically contemplated within the four corners of the debt instrument.

Our decision in *Diversified Invs. Corp.* was consistent with *Weissman v Sinorm Deli* (*supra*). In contrast, the instrument now before us does not qualify for accelerated judgment under CPLR 3213 because "outside proof is needed [for summary enforcement], other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (88 NY2d at 444). Plaintiff maintains that prior litigation has now removed all obstacles to what was previously a conditional obligation. But the availability of CPLR 3213 can never depend upon the occurrence (or nonoccurrence) of any unrelated future event. As *Weissman* instructs, in order for an agreement to qualify for this unique form of accelerated judgment, it must conform to the statutory definition when read immediately upon execution; terms and conditions precedent that remain unresolved within the instrument itself cannot be satisfied by future events requiring proof dehors the agreement.

Inasmuch as the original guaranty did not qualify by its own unaided provisions as an instrument for the payment of money only, the limited procedural remedy of CPLR 3213 is not available. Concur—Nardelli, J.P., Tom, Rosenberger, Wallach and Friedman, JJ.