■ RIOM CORPORATION, Appellant, v IVOR McLEAN et al., Respondents. [805 NYS2d 22]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 19, 2004, which, to the extent appealed from as limited by the brief, after a nonjury trial, dismissed plaintiff's claims for breach of contract and breach of fiduciary duty, unanimously affirmed, without costs.

The breach of contract claim was properly dismissed since the trial evidence failed to demonstrate a "meeting of minds" between plaintiff's sole shareholder, Joe Selas, and defendant, Ivor McLean, concerning the essential terms of an agreement for the sale of plaintiff corporation (*see Stern v Bristol Corp.*, 273 App Div 371 [1948], *affd* 298 NY 766 [1948]). Plaintiff's reliance on *John William Costello Assoc. v Standard Metals Corp.* (99 AD2d 227 [1984]) is misplaced for at least two reasons. First, McLean's assumption of management responsibilities, at a weekly salary, was not directly referable to the alleged oral agreement to purchase the corporation. Second, albeit relatedly, McLean did not receive all the benefits of ownership of Riom by assuming management responsibilities.

Plaintiff's breach of fiduciary duty claim was also properly dismissed since the trial evidence did not show that McLean diverted corporate funds or business opportunities to derive benefit for himself at plaintiff's expense (*cf. H.W. Collections v Kolber*, 256 AD2d 240 [1998]). The trial evidence did not establish that McLean acted in direct competition with plaintiff or diverted corporate assets so as to warrant forfeiture of his salary on a breach of fiduciary duty theory (*cf. Bon Temps Agency v Greenfield*, 184 AD2d 280 [1992], *lv dismissed* 81 NY2d 759 [1992]). Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and Mc-Guire, JJ.