Bluebanana Group v Sargent (2019 NY Slip Op 07014)





Bluebanana Group v Sargent


2019 NY Slip Op 07014


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9951 650733/18

[*1] Bluebanana Group, et al., Plaintiffs-Appellants,
v
Dennis Sargent, Defendant-Respondent, Marc Tenzer, Defendant.


Kraus & Zuchlewski LLP, New York (Desiree J. Gustafson of counsel), for appellants.
Law Office of Mark E. Goidell, Garden City (Mark E. Goidell of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 10, 2019, which, to the extent appealed from as limited by the briefs, granted defendant Dennis Sargent's motion to dismiss the complaint and dismissed the complaint with prejudice, unanimously affirmed, with costs.
Plaintiffs have failed to state a cognizable claim for breach of the duty of loyalty, which requires the employee to have "acted directly against the employer's interests - as in embezzlement, improperly competing with the current employer, or usurping business opportunities" (Veritas Capital Mgt., L.L.C. v Campbell, 82 AD3d 529, 530 [1st Dept 2011], lv dismissed 17 NY3d 778 [2011]). Plaintiffs have not alleged that they were in any of the same businesses as Sargent. Plaintiffs do not claim any tangible expectancy in Sargent's alleged side business activity, nor are there any well-pled allegations that Sargent stole or embezzled funds. The claim for breach of duty of loyalty/faithless servant was properly dismissed.
Plaintiffs' breach of fiduciary duty claims are duplicative, and should be dismissed for the same reasons. This Court has applied the same standards for determining a breach of duty of loyalty claim to a breach of fiduciary duty claim against an employee (see e.g. Riom Corp. v McLean, 23 AD3d 298 [1st Dept 2005]).
Plaintiffs make no argument regarding the court's denial of their cross motion to amend, and therefore we deem this aspect of the appeal abandoned.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK