Vitol Ams. Corp. v Targa Resources Partners LP (2024 NY Slip Op 00466)

Vitol Ams. Corp. v Targa Resources Partners LP

2024 NY Slip Op 00466

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 654649/21 Appeal No. 1582-1583 Case No. 2022-5720 2023-03055 

[*1]Vitol Americas Corp., Plaintiff-Respondent,
v
Targa Resources Partners LP, Defendant-Respondent. 

Latham & Watkins LLP, New York (Eric Leon of counsel), and Latham & Watkins LLP, Washington D.C. (Michael E. Bern of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Hogan Lovells, New York (Melvin A. Brosterman of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered November 30, 2022, awarding plaintiff the total amount of $169,812,759.49, and bringing up for review an order, same court and Justice, entered November 14, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, and denied defendant's cross-motion to dismiss, unanimously modified, on the law, to vacate the judgment, deny plaintiff's motion, and remand the matter for conversion to a plenary action, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Because the guaranty at issue reserves to defendant guarantor all defenses that were or may be available to the guaranteed party under a complex commercial contract, it does not qualify as the type of unconditional obligation that is appropriate for treatment under CPLR 3213 (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493 [2015]; Century City Mall, LLC v Waxman, 193 AD3d 499, 499 [1st Dept 2021].
While a judgment taken by plaintiff against the guarantor in a litigation in Texas may ultimately resolve the viability of the reserved defenses, it is not relevant to the determination of the applicability of CPLR 3213. That determination must be made by looking at the agreement at the time of execution, not based on subsequent events (see Kerin v Kaufman, 296 AD2d 336, 338 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024