Simon Prop. Group, L.P. v Tahari (2024 NY Slip Op 50415(U))

[*1]

Simon Prop. Group, L.P. v Tahari

2024 NY Slip Op 50415(U)

Decided on April 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 12, 2024
Supreme Court, New York County

Simon Property Group, L.P., Plaintiff,

against
Elie Tahari and ELIE TAHARI LTD., Defendants.

Index No. 653661/2020

Robert Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 were read on this motion to/for JUDGMENT - SUMMARY IN LIEU OF COMPLAINT.
In motion sequence number 001, plaintiff Simon Property Group, L.P. (Simon) moves for an order, pursuant to CPLR 3213, granting summary judgment in lieu of complaint against defendants Elie Tehari and Elie Tahari Ltd. in the amount of $2,073,524.52 plus interest, costs and disbursements. Plaintiff moves on the grounds that certain Guaranties executed by defendants constitute instruments for the payment of money only. For the reasons herein, plaintiff's motion is granted.
I. BACKGROUND
This proceeding pertains to fifteen lease agreements (leases) between non-party corporate tenants (Tahari tenants) affiliated with Elie Tahari Ltd. to rent retail space within Simon outlet shopping malls located throughout the United States. Elie Tahari Ltd. is a retailer of designer women's clothing. Elie Tahari is the CEO of Elie Tahari Ltd.
On January 30, 2017, plaintiff Simon entered into a Master Agreement Regarding Modification of Existing Leases (Master Agreement), which modified the terms of the leases to relieve the Tahari tenants of some of their rental obligations under their leases. Plaintiff and defendant Elie Tahari Ltd. entered into the underlying leases and the Master Agreement respectively as Landlord and Tenant. The parties agreed that the Master Agreement would be [*2]binding as amendments to the underlying leases.
The Master Agreement is "expressly contingent" upon the occurrence of certain conditions, including the execution of Guaranties by Tahari and by Elie Tahari Ltd. and the delivery by Elie Tahari Ltd. of an irrevocable standby letter of credit in favor of plaintiff for $1 million within ninety days of the parties' execution of the Master Agreement. To date, Elie Tahari Ltd. has not delivered the irrevocable letter of credit to plaintiff.
On the same day, defendants Tahari and Elie Tahari Ltd. (Guarantors) each executed a Guaranty in favor of plaintiff, whereby defendants "absolutely and unconditionally guarantee[d] . . . the full and prompt payment when due, of all rents, charges and additional sums coming due under [the] Leases" and further "agree[d] to pay all expenses, including reasonable attorneys' fees and legal expenses, paid or incurred by Landlord in endeavoring to collect or enforce the Liabilities or any part thereof and in enforcing this guaranty."
The Guaranties "shall remain in full force and effect as to Guarantor during the demised term of said Leases, and any renewal or extension thereof, for so long as any Liabilities remain due and payable even if the demised term or any renewal or extension of any of the Leases shall have expired."
Tahari's Guaranty differs from that of Elie Tahari Ltd. in one important respect: It limits Tahari's liability as to outstanding obligations to $2 million, reduced to $1 million upon the delivery of the $1 million irrevocable letter of credit.
On March 18, 2020, plaintiff, in response to the COVID-19 pandemic, closed all of its properties where the fifteen Tahari tenants were or are located. Each state where the the properties are located had governmental Executive Orders in place that prohibited non-essential businesses from opening in order to prevent the spread of COVID-19.
Starting in April, the fifteen Tahari tenants stopped paying their obligations under their leases, including five tenants who had already been in arrears at that time.
Plaintiff reopened its malls on various dates from May to June 2020. However, the Tahari tenants continued to withhold their payments. As of August 6, 2020, the Tahari tenants owed a total of $2,073,524.52 to Simon in rent and other related rental charges under their leases.
Neither defendant Guarantor has made any payment toward the outstanding balance to date.
Plaintiff Simon commenced this proceeding on August 6, 2020 by filing the instant motion for summary judgment in lieu of a complaint. Defendants oppose the motion.
II. DISCUSSION
Pursuant to CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." "An unconditional guaranty is an instrument for the payment of 'money only' within the meaning of CPLR 3213" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," NY Branch v Navarro, 25 NY3d 485, 492 [2015]). When a CPLR 3213 motion is based is a guaranty, a plaintiff may establish a prima facie right to summary judgment in lieu of complaint by showing "the existence of the guaranties, the underlying debt and the guarantor's failure to perform under the guaranties" (27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 630-631 [1st Dept 2021]). An affidavit may be sufficient to establish a default in payment (see, e.g., 8430985 Can. Inc. v. United Realty Advisors LP, 148 AD3d 428, 428 [1st Dept 2017]). Further, references to other agreements in the [*3]instrument do not necessarily qualify or alter the obligation to pay on the instrument (Embraer Fin. Ltd. v Servicios Aere. os Profesionales, S.A., 42 AD3d 380, 381 [1st Dept 2007]).
Once the plaintiff submits evidence establishing these elements, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (Cooperatieve Centrale, 25 NY3d at 492).
Here, plaintiff establishes a prima facie case by showing "the existence of the guaranties, the underlying debt and the guarantor's failure to perform under the guaranties" (27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 630-631 [1st Dept 2021]). Plaintiff submits the Master Agreement, the Guaranties, the underlying leases, an affidavit of Jeffrey M. Clifton, Managing Director, Accounts Receivable, for plaintiff, who avers that that the Tahari tenants were in arrears of $2,073,524.52 with respect to rent and other obligations under the fifteen underlying leases and that Tahari and Tahari Ltd. have failed to make any payment toward that balance, and a Simon Accounts Receivable Statement for the Tahari premises, which Clifton avers is an accurate record of the amounts due.
In opposition to the motion, defendants submit an affidavit of defendant Elie Tahari, who avers that he only signed his Guaranty on the condition that the irrevocable letter of credit referenced in the Master Agreement would be obtained, and an affidavit of Susan Mazursky, Vice President of Finance at Elie Tahari Ltd., who avers that the subject fifteen premises were closed on March 18, 2020 due to COVID-19 and COVID-19-related governmental closures in each state.
Defendants do not dispute the existence of the Guaranties or that the Guarantors failed to pay all amounts owed under the underlying leases. Instead, defendants argue that this action is inappropriate for summary judgment in lieu of complaint because extrinsic evidence is required to determine whether the Guarantors are liable (see Kerin v Kaufman, 296 AD2d 336, 337 [1st Dept 2002]). On the contrary, no more extrinsic evidence is needed to determine defendants' liability other than "simple proof of nonpayment" (id.), which plaintiff has supplied by the Clifton affidavit and the accompanying Accounts Receivables statement. That some reference must be made to the Master Agreement or the underlying leases does not in itself render this proceeding unsuited for CPLR 3213 treatment (see Embraer Fin. Ltd. v Servicios Aere. os Profesionales, S.A., 42 AD3d 380). Notably, defendants do not submit any countervailing evidence that contradicts the Clifton affidavit or otherwise raises a genuine issue of material fact as to their liability. In addition, although defendants argue that additional evidence is needed to establish the amounts owed, defendants fail to present any evidence to raise an issue of fact as to the quantum of damages.
Defendants also argue that, because the Guaranties do not waive any defenses, they are inappropriate for treatment as "instruments for the payment of money only" under CPLR 3213. While it is true that defendants, as Guarantors, may raise defenses to their liability, any such defense would not be a "condition precedent to payment" or "alter the defendant's promise of payment" (AFCO Credit Corp. v Boropark Twelfth Ave. Realty Corp., 187 AD2d 634 [2d Dept 1992]) and, accordingly, have no bearing on the nature of the Guaranties as instruments for the payment of money only.
Further, defendants assert that a triable issue of fact exists as to whether the underlying Master Agreement is enforceable in the first place, arguing it is void ab initio because defendant Elie Tahari Ltd. failed to deliver a letter of credit to plaintiff, a condition precedent to the formation of the Master Agreement. Both parties agree that "no such letter of credit was ever [*4]provided" (Clifton aff para 10; aff of defendant Tahari para 3, 4). In the court's assessment, however, it is manifest that the condition was waived by the parties' continued performance under the Master Agreement—plaintiff's acquiescence to the tenants' continued presence on their respective premises, and defendants' permitting the Tahari tenants to continue to occupy the premises—evidencing their intent to affirm the contract despite the failure of the condition or else to waive the satisfaction of the condition (see Kamco Supply Corp. v On the Right Track, LLC, 149 AD3d 275, 283 [2d Dept 2017], citing Atkin's Waste Materials, inc. v May, 34 NY2d 422 [1974]). In any event, defendants may not rely on their own failure to comply with this condition as a defense, as "one may not take advantage of a condition precedent, the performance of which he himself has rendered impossible" (Kooleraire Serv. & Installation Corp. v Bd. of Educ., 28 NY2d 101, 106 [1971]; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006]; Ctr. for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34 [1st Dept 2020]).
Defendants cite the case Kortright Capital Partners LP v Investcorp Investment Advisers Limited, 327 F Supp 3d 673 (SD NY 2018), for the proposition that the prevention doctrine does not apply to an express condition precedent to formation, like that of the letter of credit. However, the court notes that the federal district court made no pronouncement that such conditions may not nevertheless be waived. Indeed, in another case that defendants cite within the same argument, Oppenheimer & Co., Inc. v. Oppenheim, Appel, Dixon & Co., the Court of Appeals stated that even "a condition . . . expressed in unmistakable language . . . may yet be excused by waiver, breach or forfeiture" (86 NY2d 685, 691 [1995]).
Defendants also argue that a genuine issue of material fact exists as to whether the Tahari tenants defaulted in their obligations at all. In this vein, defendants argue that the Tahari tenants' payments were excused due to the closures of the subject mall facilities due to COVID-19 and related executive orders, asserting defenses such as frustration of purpose, impossibility and impracticability, commercial frustration, breach of the covenant of quiet enjoyment, and actual and constructive eviction as they exist in the Tahari tenants' respective states.
Defendants' attempt to interject uncertainty into the issue of default is unavailing. Plaintiff has submitted evidence establishing that the Tahari tenants failed to pay, and defendants do not dispute this fact. Nothing further is needed to establish default. Furthermore, while these defenses may be relevant for the question of enforcement of the underlying leases (see, e.g., Structure Tone, Inc. v Universal Servs. Group, Ltd., 87 AD3d 909 [1st Dept 2011]), they have no relevance to the question of whether the Tahari tenants defaulted—which defendants, indeed, already conceded by admitting that the Tahari tenants did not pay all amounts owed. Moreover, defendants may not raise those defenses in the Tahari tenants' place (see I Bldg, Inc. v Hong Mei Cheung, 137 AD3d 478, 478 [1st Dept 2016] ["When a guarantor is sued on the guaranty, as is the case here, he or she cannot raise a claim or defense which is personal to the principal debtor, such as breach of the principal contract, unless it extends to a failure of consideration for the principal contract, and therefore for the guarantor's contract."]; see also Deco Towers Assoc., LLC v Fisch, 219 AD3d 1245, 1247 [1st Dept 2023]).
Finally, defendants argue that the Guaranties are unenforceable because three of the underlying leases were modified without the Guarantors' consent, extending the lease terms for the premises in Allen, TX, Wrentham, MA, and Houston, TX. Although defendants argue that these were "material alteration[s]" of the contracts such that "the guarantor is discharged from further liability" (Merchants National Bank & Trust Co. v Lewark, 503 NE2d 415 [Ind Ct App [*5]1987]), this court finds that mere extensions of the lease terms did not "alter[] the legal identity of the instrument, substantially increase[] the chance of loss to the surety, or put[] the surety in a different position" (Yin v Society National Bank Indiana, 665 NE2d 58, 64 [Ind Ct App 1996]) such that they should be considered "material." Accordingly, the Guaranties continue in force pursuant to the provision therein stating that they "shall remain in full force and effect . . . during the demised term of said Leases, and any renewal or extension thereof."
III. CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff's motion for summary judgment in lieu of complaint is granted; and it is further
ORDERED that the Clerk is directed to enter judgment in favor of plaintiff Simon Property Group, L.P. and against defendants Elie Tahari and Elie Tahari Ltd. jointly and severally in the principal sum of of $2,000,000, together with interest at the statutory rate from June 26, 2020, costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and against defendant Elie Tahari Ltd. in the principal sum of $73,524.52, with interest at the statutory rate from June 26, 2020; and it is
ORDERED that the portion of plaintiff's action that seeks recovery of attorneys' fees is severed and the issue of the amount of reasonable attorneys' fees that plaintiff may recover against defendants is referred to a Special Referee to hear and report (unless the parties can successfully stipulate to the amount of said fees within 30 days); and it is further
ORDERED that counsel for plaintiff shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together within a completed information sheet,[FN1]
upon the Special Referee Clerk in the General Clerk's Office (Room 119), who is directed to place this matter on the calendar of the Special Referee's Part on the earliest convenient date; and it is further
ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).
DATE April 12, 2024
ROBERT REED, J.S.C.

Footnotes

Footnote 1:Available on the Court's website at www.nycourts.gov/supctmanh under the "References" link on the navigation bar.