## 54 Thompson St, PH LLC v Fine

2025 NY Slip Op 31606(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 659549/2024

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. ARTHUR F. ENGORON__          PART          37

*Justice*

-----------------------------------------------------------------X

54 THOMPSON ST, PH LLC,

                          Plaintiff,

- v -

DANIEL FINE,

                          Defendant.

-----------------------------------------------------------------X

INDEX NO.          659549/2024

MOTION DATE          12/10/2024

MOTION SEQ. NO.          001

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40,

were read on this motion for          SUMMARY JUDGMENT IN LIEU OF COMPLAINT     .

Upon the foregoing documents, and for the reasons stated hereinbelow, the motion for summary judgment in lieu of complaint is granted on liability only.

Background
On April 15, 2024, non-party FineCo, LLC, ("Tenant") entered into a two-year residential lease (the "Lease") with plaintiff, 54 Thompson St, PH LLC, as landlord, for a penthouse apartment on the 7th floor of the condominium building located at 54 Thompson Street, New York, NY. NYSCEF Doc. No. 5. The Lease commenced on June 1, 2024 and expires on May 31, 2026. Pursuant to the Lease, Tenant agreed to pay monthly rent in the amount of $45,000, plus additional rent, such as monthly electricity charges based on Tenant's usage. Section 13 of the Lease, which governs electricity and other utilities, states in part: "Stopping or reducing of service(s) will not be reason for Tenant to stop paying Rent, to make a money claim or to claim constructive eviction."

On April 21, 2024, defendant, Daniel Fine, executed a personal guaranty of the Lease (the "Guaranty"). NYSCEF Doc. No. 8. Upon execution of the Lease, Tenant paid $45,000 toward the first month's rent (June 2024) and paid a $45,000 security deposit. NYSCEF Doc. No. 3.

Plaintiff alleges that since July 1, 2024, Tenant has remained in the apartment and failed to pay any rent. Id. Further, "Tenant has been consuming copious amounts of electricity[,]" with monthly charges totaling in the thousands, which Tenant has also failed to pay. Id.

On September 18, 2024, plaintiff filed a non-payment petition against Tenant in Civil Court of the City of New York, New York County, captioned 54 Thompson St, PH LLC v FineCo Enterprises, LLC et al, Index No. LT-31654- 2024/NY (the "L&T Action"). The L&T Action remains pending. Pursuant to the Lease, Tenant is obligated to pay plaintiff's attorneys' fees incurred as a result of Tenant's default, including in the L&T Action.

659549/2024 54 THOMPSON ST, PH LLC vs. FINE, DANIEL
Motion No. 001

Page 1 of 4

[* 1]

As of December 10, 2024, plaintiff alleges $252,063.08 remains due and owing and that, despite its demands for payment, defendant has failed to cure Tenant's default and is therefore in breach of the Guaranty. NYSCEF Doc. No. 3.

On December 10, 2024, pursuant to CPLR 3213, plaintiff commenced this action for summary judgment in lieu of complaint, seeking $252,063.08, plus interest from September 13, 2024 (the date of default), and to set this matter down for an inquest to determine and award any further rent and additional rent that has accrued since the filing of this action, as well as to determine plaintiff's reasonable attorneys' fees. NYSCEF Doc. No. 2.

In opposition, defendant underscores, inter alia, that: this is not a straightforward case for breach of a guaranty of a residential lease as alleged; plaintiff is suing the condominium board in another action; and plaintiff "conspicuously avoids the defective and on-going problems" that have been present from the outset and render the apartment "unlivable." NYSCEF Doc. No. 33. Defendant alleges that, inter alia, the apartment has "no heating system in the winter months, multiple water leaks, no hot water, frequent water shut offs, and no AC during the summer months." NYSCEF Doc. No. 16. Defendant cites text messages with Nick Lounsbury, an employee of non-party XL Management, which managed the condominium, confirming that Tenant would receive a rent abatement in August 2024 because of said apartment issues; however, defendant later received payment requests from plaintiff for that month. Id. Defendant alleges that despite repeated requests to plaintiff and its management, they have not resolved the problems with the apartment. Id.

Defendant argues it was "entirely within [its] right to withhold rent" because plaintiff breached the warranty of habitability. NYSCEF Doc. No. 33. To demonstrate this alleged breach, defendant attaches various emails, photographs, and text messages between Tenant, plaintiff, and XL Management from June 2024 through January 2025 documenting apartment issues, as well as his reports to 311. NYSCEF Doc. Nos. 17-28. Defendant cites Kerin v Kaufman, 296 AD2d 336, 337 (1st Dept 2002), for the proposition that CPLR 3213 is unavailable where there are "issues and other considerations presented by the writing" such that "liabilities and obligations can only be ascertained" by resorting to evidence "outside the instrument." Id.

Defendant argues that due to the alleged breach of the warranty of habitability and disputed August 2024 rent abatement, the Guaranty does not qualify for CPLR 3213 treatment, as neither liability nor the amount due (if any) can be determined without resorting to evidence outside of the Guaranty. Id. Defendant asserts that this action should be converted into a traditional action to permit the parties to conduct necessary discovery. Id.

In reply, plaintiff attests, inter alia, that the apartment is" indisputably habitable, with all required services functioning properly." NYSCEF Doc. No. 34. While Tenant has admitted to remaining in the apartment (albeit intermittently), plaintiff alleges that defendant and/or Tenant "illegally sublet the apartment to 4 other individuals, without the consent or permission of the landlord as required under the Lease." Id. Plaintiff notes that it is the condominium, not plaintiff, that provides much of the services defendant complains of, such as heating, cooling, electricity, and hot water. Id. Further, plaintiff contends that "any complaints of damage or nonfunctioning items in the Apartment were caused solely by [d]efendant and/or Tenant and their demonstrated

659549/2024   54 THOMPSON ST, PH LLC vs. FINE, DANIEL
Motion No. 001

Page 2 of 4

misuse of the Apartment." Id. Plaintiff notes that one of such causes are the many parties that defendant and/or Tenant has hosted, "with hundreds of guests attending and trashing the Apartment, in clear violation of the Lease's terms." Id. Plaintiff's exhibits include photographs from a party from as recently as February 21, 2025. NYSCEF Doc. Nos. 38, 39. The Court notes in passing that the photographs appear to illustrate that the parties consisted of 20 to 30 people, rather than hundreds.

Plaintiff argues that an unsubstantiated breach of warranty of habitability claim does not warrant a denial of plaintiff's motion. NYSCEF Doc. No. 40. Plaintiff points out that defendant does not dispute that the Guaranty is an instrument for the payment of money only, but only the amount of damages owed. Plaintiff notes that it is well-settled that "a dispute over the amount of damages is not a defense to liability pursuant to CPLR 3213." Frydco Capital Group, LLC v Park Rio East, LLC, 226 AD3d 474, 474 (1st Dept 2024). Plaintiff requests that, if this Court finds that there is an issue of fact as to the amount of damages, plaintiff's motion be granted on liability.

Discussion
"When an action is based upon an instrument for the payment of money only ... the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." CPLR 3213. To meet its prima facie burden on its summary judgment motion for lieu of complaint for a guaranty, plaintiff must prove "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty." Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A, at 492. "[A]ssertion of defenses based on facts extrinsic to the instrument are insufficient to defeat a motion brought pursuant to CPLR 3213." Frydco Capital Group, LLC v Park Rio E., LLC, 226 AD3d 474 (1st Dept 2024). As noted above, a dispute over the amount of damages owed is not a defense to liability pursuant to CPLR 3213.

Whether or not plaintiff has breached the warranty of habitability, defendant's assertion of a defense based on facts extrinsic to the Guaranty is insufficient to defeat the motion.

Contrary to defendant's argument, plaintiff has demonstrated that is entitled, pursuant to CPLR 3213, to summary judgment in lieu of complaint by submitting, inter alia: (1) proof of service of the summons and the notice of motion (NYSCEF Doc. No. 11); (2) the Guaranty, which is an instrument for the payment of money only (NYSCEF Doc. No. 8); plaintiff's November 21, 2024, written notice to defendant of Tenant's default (NYSCEF Doc. No. 9); and (4) an affidavit from Tri Nguyen, a member of plaintiff, attesting to the facts of the claim, including the amount owed and defendant's failure to perform under the Guaranty (NYSCEF Doc. No. 3).

In considering defendant's evidence submitted as to the August 2024 rent abatement from plaintiff's management, this Court recognizes that the amount of damages is in dispute. The Court has considered defendant's other arguments and finds them to be unavailing and/or non-dispositive.

Thus, the motion is granted as to liability only against defendant.

659549/2024  54 THOMPSON ST, PH LLC vs. FINE, DANIEL
Motion No.  001

Page 3 of 4

Conclusion

Thus, the motion of plaintiff, 54 Thompson St, PH LLC, for summary judgment in lieu of complaint is granted, and the Clerk is hereby directed to enter judgment against defendant, Daniel Fine, on liability only.

It is further ordered that the issue of damages and reasonable attorney's fees are hereby severed for an evidentiary hearing. Accordingly plaintiff shall, within 20 days of the date of this Decision and Order, serve a copy of this Decision and Order upon counsel for all parties and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a Note of Issue and Statement of Readiness and shall pay the fee therefor. Plaintiff is further directed to contact chambers at SFC-Part37@nycourts.gov, within 20 days of filing the Note of Issue, to schedule the hearing.

HON. ARTHUR F. ENGORON

| 5/2/2025 | | | |
|----------|---|---|---|
| **DATE** | | | **ARTHUR F. ENGORON, J.S.C.** |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☒ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**659549/2024  54 THOMPSON ST, PH LLC vs. FINE, DANIEL**
**Motion No. 001**

Page 4 of 4

4 of 4